[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM
This is a mortgage foreclosure action. The plaintiff, Citicorp Mortgage, Inc., moves for summary judgment on the ground that on the undisputed facts the plaintiff is entitled to judgment as a matter of law. The defendants, Richard and Ann Imbruce, argue that summary judgment is not warranted because the defendants CT Page 4821 have made partial payment on the mortgage, thereby calling into question whether the defendants are in default.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book §17-49. "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Hertz Corp.v. Federal Ins. Co., 245 Conn. 374, 381, 713 A.2d 820 (1998). "Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment." (Internal quotation marks omitted.) Great County Bank v. Pastore,241 Conn. 423, 436, 696 A.2d 1254 (1997).
"[A] foreclosure complaint must contain certain allegations regarding the nature of the interest being foreclosed. These should include allegations relating to the parties and terms of the operative instruments, the nature of the default giving rise to the right of foreclosure, the amount currently due and owing, the name of the record owner and of the party in possession, and appropriate prayers for relief." (Internal quotation marks omitted.) New England Savings Bank v. Bedford Realty Corp.,246 Conn. 594, 610, 717 A.2d 713 (1998). Here, the plaintiff submits an affidavit in which the affiant, an assistant secretary of the plaintiff, states that the defendants executed a promissory note and a mortgage deed to the plaintiff. The affiant further avers that the defendants have neglected to pay the monthly installments due under the note and mortgage since July 1, 1998, and that the total amount due as of August 1, 1999 was $527,681.23 with a per diem interest rate of approximately $120.44. The plaintiff, therefore, has submitted sufficient evidence to support a motion for summary judgment in a mortgage foreclosure action.
The defendants argue that summary judgment is not warranted because the defendant, Richard Imbruce, has submitted an affidavit in which he avers that the plaintiff has modified the payment terms of the note and mortgage such that "no default may exist." The plaintiff argues that the defendants have failed to show that the plaintiff does not have a cause of action because CT Page 4822 the defendants have not specially pleaded the defense of payment. The defendants argue that a general denial is sufficient to satisfy the pleading requirements.
"No facts may be proved under eithier a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that the plaintiff has no cause of action, must be specially alleged. Thus, accord and satisfaction, arbitration and award, coverture, duress, fraud, illegality not apparent on the face of the pleadings, infancy, that the defendant was non compos mentis, payment (even though nonpaymentis alleged by the plaintiff), release, the statute of limitations and res judicata must be specially pleaded. . . ." (Emphasis added.) Practice Book § 10-50. If a defense must be specially pleaded under Practice Book § 10-50, the failure to do so renders any evidence on the subject inadmissible. See DuBose v.Carabetta, 161 Conn. 254, 258-62, 287 A.2d 357 (1971).
Here, all of the defendants' special defenses, including the defense of payment, were stricken by the court, Hickey, J., on July 12, 1999. The defendants have not filed a substitute pleading. See Practice Book § 10-44 ("[w]ithin fifteen days after the granting of any motion to strike, the party whose pleading has been stricken may file a new pleading . . ."). The defendants, therefore, have not specially pleaded the defense of payment. Accordingly, the affidavit submitted by the defendant is inadmissible to show that the defendants have sufficiently complied with the payment terms of the note and mortgage. Therefore, the court grants the plaintiff's motion for summary judgment.
For the foregoing reasons, the plaintiff's motion for summary judgment is granted.
HICKEY, J. CT Page 4823